UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAR'SHA L. HARDY,

        Plaintiff,

v.

IRON STREET PROPERTIES, L.L.C., d/b/a
RIVER PARK LOFTS; DENNIS KEFALLINOS;
and BOYDELL DEVELOPMENT INC.,

        Defendants.
                                      /

Case No. 16-10639
(Consolidated with 16-12140)
Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on plaintiff Dar'sha L. Hardy's February 15, 2017 motion for summary judgment and Defendants' February 27, 2017 motion to consolidate. The parties filed responses to the motions March 13, 2017; and Plaintiff filed a reply brief March 26, 2017. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

Plaintiff Dar'sha L. Hardy claims that on May 28, 2015, she inquired about renting a residence at the River Park Lofts for herself and her six-year old son. She was informed that the building has a "no kids" policy. The Fair Housing Act of 1988 prohibits discrimination against families with children under the age of 18.

On February 22, 2016, Plaintiff filed this action and filed a First Amended Complaint April 4, 2016, to add an additional defendant. Plaintiff subsequently contacted the Fair Housing Center of Metropolitan Detroit ("FHCMD"). On June 10, 2016, FHCMD filed Civil Action No. 16-12140

against the same defendants, alleging the same facts and seeking the same relief. The second action was initially assigned to Judge Gerald E. Rosen but was accepted by this court as a companion case. Defendants seek to consolidate the two cases, and plaintiff Hardy seeks summary judgment on the issue of liability on her first-filed suit.

Rule 42(a)(2) of the Federal Rules of Civil Procedure permits consolidation of cases "if actions before the court involve common questions of law or fact." The two cases at issue involve nearly identical law and facts. Moreover, the same attorneys represent the parties to the two actions.

Plaintiff contends she will be prejudiced if the two cases are consolidated. Hardy submits that Defendants have caused undue delay in the initial case by refusing to cooperate in discovery. Plaintiff's motion to compel is pending before a magistrate judge in the second suit. The second suit's scheduling order dictates that discovery closes May 31, 2017, and that the dispositive motion cut-off date is June 30, 2017. Although that presents somewhat of a delay if the cases are consolidated, the delay is not that long--less than two months. Therefore, the court will grant Defendants' motion to consolidate; and the two cases will move forward adhering to the scheduling order in the second case. As a result, Plaintiff's motion for summary judgment is premature and will be denied without prejudice.

## ORDER

It is hereby **ORDERED** that Defendants' February 22, 2017 motion to consolidate is **GRANTED**. It is further ORDERED that case no. 16-12140 is consolidated with case no. 16-10639 for all purposes, including trial. It is further ORDERED that **all subsequent papers filed after the date of this order shall be entered on case no. 16-12140.** It is further ORDERED that case no. 16-10639 is hereby CLOSED for administrative purposes.

It is further **ORDERED** that plaintiff Hardy's February 15, 2017 motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

s/John Corbett O'Meara<br>United States District Judge

Date:  April 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 19, 2017, using the ECF system.

s/William Barkholz<br>Case Manager