UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIR HOUSING CENTER OF
METROPOLITAN DETROIT,

    Plaintiff,

v.

IRON STREET PROPERTIES, L.L.C., *et. al.*,

    Defendants.
                                  /

Case No. 16-12140

Honorable John Corbett O'Meara

**ORDER DENYING
PLAINTIFF'S JULY 17, 2017 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Plaintiffs' July 17, 2017 motion for summary judgment. Defendants filed a response August 7, 2017; and Plaintiffs filed a reply brief August 21, 2017. Following adjournments by both the parties and the court and substitution of counsel, oral argument was heard January 24, 2018. After the hearing the parties were referred to Magistrate Judge David Grand, who conducted a settlement conference. Plaintiff Dar'sha L. Hardy and Defendants settled their dispute; however, plaintiff Fair Housing Center and Defendants did not.

## BACKGROUND FACTS

In April 2015 Marc Grassi and his wife Nicole Rittenour, along with their children ages five and two, planned to move into Defendants' River Park Lofts. However, Plaintiffs allege that after they had made arrangements for the move, including securing a moving truck, Liz Telegadas, an agent of Defendants, left a voicemail message informing them of the company's policy not to rent to people with children, especially children under the age of six. Two years after Telegadas allegedly left the voicemail message, she disputed claims that she had told prospective renters of that policy.

Between May 2015 and June 2015, plaintiff Fair Housing Center of Metropolitan Detroit ("FHCMD") conducted a series of tests allegedly confirming a policy of exclusion of families with children.

## LAW AND ANALYSIS

To state a *prima facie* case of housing discrimination under 42 U.S.C. §§ 3601 *et seq.*, a plaintiff must show the following: (1) that plaintiff is a member of a protected class; (2) that plaintiff applied for and was qualified to rent or purchase certain property or housing; (3) that plaintiff was rejected; and (4) that the housing or rental property remained available thereafter. Maki v. Laakko, 88 F.3d 361, 364 (6th

Cir. 1996). In 1988 Congress amended the Fair housing Act to prohibit discrimination against families with children.

Plaintiffs argue that Telegadas' voicemail message warrants summary judgment on the issue of liability in their favor and that a jury trial should be heard only on the issue of damages. Defendants refute the implication of the message through Telegadas' deposition testimony and assert that a genuine issue of material fact exists. In addition, Defendants point to the number of families with children who have lived and currently do live at River Lofts Park as evidence that they do not and have not discriminated against families.

Despite Plaintiff's compelling assertion that the voicemail recording is the "smoking gun" in this case, it is improper for the court to weigh the evidence. Accordingly, it must deny Plaintiff's motion for summary judgment and proceed to trial on the issues of liability as well as damages.

## ORDER

It is hereby **ORDERED** that Plaintiff's July 17, 2017 motion for summary judgment is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: March 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 19, 2018, using the ECF system.

s/William Barkholz  
Case Manager