UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Case No. 2:16−cv−12140−GCS−MKM

| | |
|---|---|
| FAIR HOUSING CENTER OF METROPOLITAN DETROIT and DAR'SHA L. HARDY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>IRON STREET PROPERTIES, LLC, d/b/a RIVER PARK LOFTS, BOYDELL DEVELOPMENT, INC and DENNIS KEFALLINOS,<br><br>　　　　Defendants. | **STEPHEN A. THOMAS' POSITION STATEMENT ON ATTORNEY FEES** |

**Introduction**

　　Writer seeks his fair share of attorney fees in this Familial Status case.  Writer did all of the Pleadings, Depositions (11), and DOJ interviews (11).  Mr. Karega did none.  Writer argued the Motion for Summary Judgment on behalf of both Plaintiffs, while Mr. Karega remained silent.

　　Mr. Karega is of the opinion that he is entitled to majority of the attorney fees because of his superior legal skills.  His position reminds writer of the 1988 vice-presidential debate between Senator Lloyd Bentsen and Senator Dan Quayle when Lloyd Bentsen told Dan Quayle "You're no Jack Kennedy".  Mr. Karega, "You're no Johnnie Cochran".

**DOJ and Liz Telegadas' Voicemail**

　　Department of Justice involvement had a direct effect on the outcome of the case.  Writer, not **Mr. Karega,** was responsible for DOJ's involvement.  See attached emails.

1

Liz Telegadas' voicemail of April 16, 2015, had a direct effect on the outcome of the case.[1]  Writer, not Mr. Karega, uncovered the voicemail.

**<u>Lodestar</u>**

The "starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 551 (6th Cir. 2008).

**<u>Quantum Meruit</u>**

Under Michigan law, an attorney on a contingent fee arrangement is entitled to a quantum meruit recovery of attorney fees if she rightfully withdraws from a matter, is wrongfully terminated by a client, or is terminated by a client for cause but has not engaged in disciplinable misconduct prejudicial to the client's case or contrary to public policy.  Idalski v. Crouse Cartage Co., 229 F. Supp. 2d 730, 741 (E.D. Mich. 2002) (citing Polen v. Melonakos, 222 Mich. App. 20, 24, 27, 564 N.W.2d 467 (1997)).  A quantum meruit award is "generally determined by simply multiplying the number of hours worked by a reasonable hourly fee," but Courts must also look to the contractual terms.  Island Lake Arbors Condo. Ass'n v. Meisner & Associates, PC, 301 Mich. App. 384, 401, 837 N.W.2d 439 (2013).  Polen V. Melonakos reads in part:

> *We believe that the trial court may also properly consider that the attorney originally agreed to render services on a contingency basis. Such a consideration would allow the court to consider the degree of risk undertaken by an attorney who was prematurely discharged*.  Accordingly, it would be appropriate for the court to award the attorney a larger fee, provided that the fee was not in excess of that permitted under MCR 8.121. . . . Our review of the trial court's findings leads us to conclude that [discharged counsel] was . . . entitled to the lion's share of the fee. The record discloses that the trial court carefully

---

[1] I am not allowed -- actually, basically every manager from Boydell, we are not allowed renting any spaces to people with kids and especially under six years old by 10 age.  See Doc # 33 Filed 07/17/17 Pg 8 of 17 Pg ID 239.

> considered a variety of factors regarding the quality of [discharged counsel's] representation and the magnitude of his success. . . . ***On the basis of the record before us, we conclude that the trial court's finding that [discharged counsel] had completed 99 44/100 percent of the services contemplated by the contingency fee agreement was not clearly erroneous. We find, therefore, that the trial court should have awarded [discharged counsel] 99 44/100 percent of the one-third contingency fee.***

Emphasis added.

**Conclusion**

Based on the record, writer should be awarded 91.73% of the attorney fees.[2] Writer is an attorney in good standing with 28 years as a member of the Michigan Bar.[3] Writer displayed skill, expended time and labor in this Familial Status case.

|  |  |
|---|---|
| Dated: November 30, 2018 | Respectfully submitted,<br><br>/s/ Stephen A. Thomas<br>Stephen A. Thomas (P43260)<br>645 Griswold Street, Suite 1360<br>Detroit, MI 48226<br>(313) 965 -2265<br>sthomas@313965bank.com |

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the electronic court filing system which will send notification of such filing to all attorneys of record.

/s/ Stephen A. Thomas

---

[2] 1/24/2018 Mr. Karega attended but did not argue MSJ, 0 hours; 2/16/18 first settlement conference (Magistrate Judge David R. Grand), 6 hours; 10/22/18 second settlement conference, 7 hours; 11/13/18 third settlement conference, 3 hours; miscellaneous time, 10 hours.  Mr. Karega's total hours **26**.  Writer's total hours **314.20**.  Despite writer's request, to date Mr. Karega has not provided his billing records.

[3] Recently before this Honorable Court, writer briefed the first Telephone Consumer Protection Act in our District involving whether the HCI dialing system was an ATDS in the case of Smith v. Stellar Recovery, Inc., No. 15-cv-11717, 2017 U.S. Dist. LEXIS 35658 (E.D. Mich. Feb. 7, 2017).